UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA D. BLAND, | No.  2:21-cv-00518 DB P |
| Petitioner, | |
| v. | ORDER |
| WARDEN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

Presently before the court is the petition for screening.  (ECF No. 1.)  Petitioner challenges his 2019 conviction in the Lassen County Superior Court.  (Id. at 1.)  Petitioner claims the superior court lacked jurisdiction and deprived him of his due process under the Fourteenth Amendment by not disclosing what law the court operated under or how petitioner was "liable to state law."  (Id.)  Petitioner will be ordered to show cause why his petition should not be dismissed for failure to exhaust state court remedies.

////

1

**SCREENING**

## I.      Screening Requirement

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## II.     Exhaustion

There is not question that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court."  Harrington v. Richter, 562 U.S. 86, 103 (2011); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts").  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1983, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).  For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or post-conviction in a petition for a writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts was denied.  See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted.  28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds by Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).  The court may, but is not required to, raise the issue of exhaustion sue sponte.  See Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988) (per curium); Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).  Failure to present claims for federal relief to the California Supreme Court will

2

1    result in dismissal.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jimenez v. Rice,

2    276 F.3d 478, 481 (9th Cir. 2001).  The authority of a court to hold a mixed petition in abeyance

3    pending exhaustion of the unexhausted claims has not been extended to petitions that contain no

4    exhausted claims.  Raspberry, 448 F.3d at 1154; see also Rose v. Lundy, 455 U.S. 509, 521-22

5    (1982) (The court cannot consider a petition that has not been exhausted).

6        **III.    Analysis**

7            Upon review of the instant petition, it appears that petitioner has not presented his claims

8    to the highest state court, the California Supreme Court.  Petitioner states he filed direct appeals

9    of his conviction in the Sacramento California Court of Appeal for the Third Appellate District

10   and the California Supreme Court.  (ECF No. 1 at 2.)  However, petitioner also states that he did

11   not raise either of the claims in the present petition on appeal.  (Id. at 6-8.)  Petitioner must inform

12   the court if, in fact, his claims have been presented to the California Supreme Court, and if

13   possible, provide the court with a copy of the petition filed in the California Supreme Court along

14   with a copy of any ruling made by the California Supreme Court.  If petitioner has not exhausted

15   any of his claims, the petition must be dismissed without prejudice for failure to exhaust state

16   court remedies.

17   ////

18   ////

19   ////

20   ////

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

3

1

**CONCLUSION**

2          Good cause appearing, IT IS HEREBY ORDERED that petitioner's request to proceed in

3    forma pauperis (ECF No. 5) is granted.

4          Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for

5    petitioner's failure to exhaust state remedies.  Petitioner is ORDERED to inform the court

6    whether his claims have been presented to the California Supreme Court within thirty (30) days of

7    the date of service of this order.  Petitioner is advised that failure to comply with this order will

8    result in recommendation that this action be dismissed pursuant to Local Rule 110.

9    DATED: November 1, 2021

10

11                                                                        _____

12                                                                        DEBORAH BARNES
                                                                          UNITED STATES MAGISTRATE JUDGE
13

14

15
     DB:14
16   DB/DB Prisoner Inbox/Habeas/S/blan0513.scrn.exh

17

18

19

20

21

22

23

24

25

26

27

28

4