UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND, | No. 2:21-cv-00518 TLN DB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is the petition for writ of habeas corpus for screening. (ECF No. 1.) For the reasons stated below, it will be recommended that this petition be dismissed with prejudice as frivolous.

**SCREENING**

**I.      Legal Standards – Screening**

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

1          Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'"  Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).  See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.").

**II.     The Petition**

The petition concerns a 2019 conviction plaintiff received from the Lassen County Superior Court.  (ECF No. 1 at 1.)  Petitioner presents two grounds for habeas relief in the petition.

Petitioner's first ground is that the state trial court and prosecutor lacked jurisdiction over petitioner.  (Id. at 5.)  Petitioner claims he, "in [his] private capacity, and as a member of the sovereign people," challenged the court's jurisdiction over "the person/defendant and of myself as a private man" but was unsuccessful and these challenges were ignored.  (Id.)  Elsewhere in his petition, petitioner states that he does not believe himself to be "a party to the California compact/contract/Constitution and has no agreements, or ties, or relations with the State whatsoever."  (Id. at 7.)  Petitioner also seems to suggest that he does not believe any court can establish jurisdiction over him.  (Id. at 5.) ("No court can establish jurisdiction, esp. [sic] when petitioner had challenged such in open court.")

The second ground in the petition is that the trial court deprived petitioner of his due process rights under the Fourteenth Amendment.  (Id. at 7.)  This claim is based on the trial court's refusal to "provide how defendant or agent were/are liable to state law" and its failure to "disclose what 'law' [the trial court] operated under."  (Id.)  Petitioner also states that his appointed attorney "would not subpoena the const'l cert. [sic] of the penal code gov't accused defendant of violating."  (Id.)

The petition also contains numerous references to the Uniform Commercial Code. (See, e.g., Id. at 1, 5, 6, 15.)  Additionally, petitioner attempts to separate himself "as a private man" from the "ens legis/corporation/artificial person" who petitioner claims was actually convicted by the state trial court.  (Id. at 1, 7.)

### III. Petitioner's Claims are Legally Frivolous

Petitioner's claims appear to largely stem from beliefs related to the "sovereign citizen" ideology.  For example, petitioner indicates that he believes a corporation with the same name as the petitioner was charged with the crime for which he was convicted, not a "private man".  (Id. at 6.)  Petitioner also claims that he "did not plea for myself but for a derivative of my legal name" and also asserts that he did not appeal his conviction because "no court can establish jurisdiction, esp. when Petitioner had challenged such in open court."  (Id. at 5.)  As a further example, petitioner repeatedly cites to sections of the Uniform Commercial Code seemingly to assert certain protections or rights he believes it provides him.  (See Id. at 15.)  The petition states two grounds: that the court did not have jurisdiction over him as a "private person" (Id. at 5) and that the court failed to show what law it operated under or how petitioner was "liable to state law" (Id. at 6).

While exact beliefs can differ between various individuals and sub-groups, the examples just described are central to sovereign citizen beliefs.  See Clarke v. Allen, 3:17-cv-00582-MMD-WGC, 2020 WL 2510921, at *1 (D. Nev. June 29, 2020) (quoting United States v. Mitchell, 405 F.Supp.2d 602, 605 (D. Md. 2005) ("[sovereign citizens] believe that our nation is made up of two types of people: those who are sovereign citizens by virtue of Article IV of the Constitution, and those who are 'corporate' or '14th Amendment' citizens"); Joe Elton Mosley, LLC v.

3

1  Walmart, 3:20-cv-00184-MMD-WGC, 2020 WL 1821307, at *1 (D. Nev. 2020) (noting that
2  citations to UCC 1-308 near a plaintiff's name are associated with sovereign citizen beliefs);
3  Vazquez v. California Highway Patro, No. 2:15-CV-756-JAM-EFB, 2016 WL 232332, at *2
4  (E.D. Cal. Jan. 19, 2016) (citing United States v. Alexio, 2015 WL 4069160, at *2 (D. Haw. July
5  2, 2015) ("Adherents to this 'sovereign citizen' philosophy typically 'believe that they are not
6  subject to government authority'").

7        The petition solely consists of claims stemming from the sovereign citizen belief that the
8  state court did not have jurisdiction over petitioner in his criminal case.  Claims that an individual
9  is not subject to the laws of the State of California have been repeatedly dismissed by district
10 courts.  See California v. Harris, 2019 WL 2493621, at *2 (N.D. Cal. May 6, 2019), adopted,
11 2019 WL 2492082 (N.D. Cal. June 14, 2019); Mackey, 2016 WL 3254037, at *1; Turner v.
12 Newsom, 2019 WL 2871138, at *2 (D. Haw. July 3, 2019).  Further, all arguments based in
13 sovereign citizen ideology have been uniformly rejected by courts across the country as
14 "frivolous, irrational, or unintelligible."  Mackey v. Bureau of Prisons, 2016 WL 3254037, at *1
15 (E.D. Cal. June 14, 2016) (citing cases collected in United States v. Staten, No. 1:10-cr-179, 2012
16 WL 2389871, at *3 (M.D. Pa. June 25, 2012)).  The Ninth Circuit specifically has repudiated
17 such arguments as "utterly meritless".  United States v. Studley, 783 F.2d 934, 937 n.3 (9th Cir.
18 1986).  As petitioner's claims are similarly based on widely debunked beliefs that have been
19 roundly rejected by courts, the court finds that the petition for writ of habeas corpus in this case is
20 frivolous.

21       The court is required to dismiss a habeas petition which raises claims that are legally
22 "frivolous or malicious".  28 U.S.C. § 1915A(b)(1), (2).  Summary dismissal of a habeas petition
23 is appropriate when the petition is "patently frivolous or false."  Hendricks v. Vasquez, 908 F.2d
24 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 76 (1977)).  Given the
25 frivolous nature of petitioner's claims, the court will not grant leave to amend as there does not
26 appear to be any tenable claim for relief that could be pleaded even if petitioner were granted
27 leave to amend.  Jarvis v. Nelson, 440 F.2d 13, 14 (1971).
28 ////

**CONCLUSION**

For the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice as frivolous. See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 18, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/blan0518.fr_dism